# CASES

ADJUDGED IN

## THE COURT OF CHANCERY

### OF THE STATE OF NEW-JERSEY.

#### JANUARY TERM, 1835.

### MARGARET MORGAN v. SAMUEL TITUS and others.

Where devised premises, charged with the payment of legacies, are in the occupancy and enjoyment of a third person, other than the devisee, the tenant must account for the rents and profits to satisfy the legacies. The rents and profits must go in relief of the land.

A devise to the widow of the use and enjoyment of two rooms and of the kitchen and cellar, during her natural life, is a devise of real estate for her life, and the widow is not entitled to dower unless she shall express her dissent in writing to accept the devise.

The right of the widow to retain possession of the homestead, does not attach where there is no dower to be assigned.

THIS bill was filed by a legatee under the will of Richard Ketcham, deceased, for the recovery of a legacy charged upon land, against the devisee of the land, the tenant in possession of the premises, whose wife was also a legatee under the will, and other legatees whose legacies were charged upon the same land. All the material facts disclosed by the bill and answers, appear in the opinion of the chancellor.

*Nevius,* for complainant.

*J. S. Green,* for defendants.

THE CHANCELLOR. The complainant sues for a legacy left her by the will of her father, Richard Ketcham, deceased, late of Hunterdon, who died in 1824. The testator gave to his wife Rebecca, in lieu of her dower right in his estate, the sum of four hundred dollars in legal money of the United States, together with sundry articles of personal property, to be at her own disposal. And he also bequeathed to his said wife, during her natural life, the use and enjoyment of the two rooms she then occupied in his house, the use of the kithen and cellar, and sufficient fire-wood and two cows. He then gave to his daughter, Margaret Morgan, the complainant, the sum of four hundred dollars, payable in two years after his decease, and to his daughter, Julia Duryee, the sum of two hundred dollars, payable in three years after his decease ; to be paid out of the landed property devised to his daughter, Amy Titus, and her children. He gave to his daughter Elizabeth, now Elizabeth Stout, eleven hundred dollars, payable in two years, out of the same real estate. He then gave to his daughter, Amy Titus, the use and occupation of the real estate, excepting the aforesaid legacies to be paid out of the same, and the privileges to his wife Rebecca ; and after her decease, he gave the farm or real estate, subject to the said reservations, (meaning thereby the legacies and privileges above mentioned,) to the children of his said daughter, Amy Titus, share and share alike.

The bill charges, that the legacy is unpaid, and that soon after the testator's death, Elizabeth, one of the legatees, who had intermarried with Ira Stout, entered with her said husband in possession of the said premises, and that they have ever since enjoyed the same, receiving to their own use the rents, issues and profits. That Samuel Titus and Amy Titus absolutely refuse to pay the legacy, and that the same remains wholly unpaid. The prayer is, that Stout and wife and Titus and wife may account for the rents, issues and profits of the property since the death of the testator ; that Titus and wife may be decreed to pay the legacy and interest, or that the lands may be sold to satisfy the same and the costs.

[Morgan v. Titus et al.]

Titus and wife admit the will and the material facts, as charged, but deny that Stout and wife went into possession under them, or with their leave, or that they have ever received the rents, issues and profits; on the contrary, they allege that they did not in any manner accept of the gifts or devise in the will.

Stout and wife allege, in their answer, that when they intermarried, Rebecca, the widow, was in possession of the property; that Elizabeth, (Stout's wife,) was also there, living with her mother, and that Stout was invited to live with them; that there was no contract for renting or hiring, nor was he to be in any manner accountable as a tenant. Stout insists, however, that if he is to account, he ought to be allowed for the money he has expended, which is more than the rent; and that he has made many repairs to the property, which was greatly out of repair when he took possession of it.

Upon the pleadings and evidence, the complainant is entitled to relief. The will is admitted; the legacy is due, and the property is bound for the payment of it. If there were no other persons interested than the legatees, it would be sufficient to direct the amount of the complainant's claim to be raised out of the property; but as the reversionary interest of the property is in the children of Samuel and Amy Titus, nearly all of whom are infants, their rights must be looked at and protected by the court.

Ira Stout, who intermarried with one of the legatees, has been in possession of the farm for several years. He is bound to account to some one for the rents and profits, if any are justly payable. They must go in relief of the land; and before the court will order the land, or any part of it, sold, it must be ascertained how much is in the hands of Stout to meet the charge upon it. To ascertain this, it must be referred to a master in the usual form. If any amount be found due from Stout, it will be for the court to make a proper distribution of it.

Whether Stout and wife, who have set up no claim for the legacy left to Mrs. Stout in the will, or Julia Duryee, who has not answered the bill, are entitled to any part of it, and if any

what proportion it shall be, are matters reserved for future consideration.

The counsel for Stout appeared to insist, that Stout ought not to be charged with the rent, as he came in with the consent of the widow, who was lawfully in possession, and had a right to remain there, it being the homestead. But this cannot be. By the will she had given to her a certain and determinate interest in the realty. It amounted to a devise "of lands or real estate for her life," according to the provisions of the act, entitled, "A supplement to the act relative to dower," (*Rev. Laws*, 677,) and of course the widow could not be entitled to dower in the premises, unless she expressed her dissent in writing to accept the devise. This was not done. If not entitled to dower, she could have no pretension to any right of occupancy further than given by the will; for the right of retaining possession of the homestead does not attach where there is no dower to be assigned by the heir.

It was not necessary, in this case, to make the widow a party, as was supposed by the defendants' counsel. Her rights cannot be affected by any decree the court may make in behalf of the complainant, or others interested. If the property is sold, the sale must be subject to her just rights; and although her feelings and comfort may be greatly affected by a change of tenants, that is no ground for making her a party.

Order of reference accordingly.